## WEBER ELECTRIC CO. v. W. R. OSTRANDER & CO.

(Circuit Court of Appeals, Second Circuit.   January 18, 1922.)

No. 61.

Patents ⚙⟶328—743,206, claims 1, 4, and 916,812, claim 1, for electric sockets,
held not infringed. ·
    Weber patents, No. 743,206, claims 1 and 4, and No. 916,812, claim 1, for
    electric sockets which are moved telescopically in locking, and which
    were restricted by the Supreme Court to those having a direct longitudinal
    movement of the sleeve into the cap, *held* not infringed by defendant's
    socket, in which the sleeve was first thrust longitudinally into the cap and
    then locked by a rotational movement.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity for infringement of patent by the Weber Electric Company against W. R. Ostrander & Co. Decree for plaintiff, and defendant appeals. Reversed and remanded, with directions to dismiss the bill for noninfringement.

See, also, 267 Fed. 445; Id. 448.

Suit is upon claims 1 and 4 of patent No. 743,206 and claim 1 of patent No. 916,812. The elder patent expired pending suit. The subject-matter is the frequently litigated Weber socket. The litigious history of these patents is given in Weber, etc., Co. v. Connecticut, etc., Co. (C. C. A.) 263 Fed. 583. Since the date of that decision, Freeman, etc., Co. v. Weber Electric Co. (C. C. A.) 262 Fed. 769, has been taken to the Supreme Court by certiorari, and there affirmed as Weber Electric Co. v. Freeman Electric Co. (June 6, 1921) 256 U. S. 668, 41 Sup. Ct. 600, 65 L. Ed. 1162. Before this last decision the District Court granted to plaintiff herein decree holding the patent claims in suit valid and infringed, from which decree this appeal was taken.

Robert S. Allyn, of New York City, for appellant.

Charles Neave, of New York City, and Frank C. Curtis, of Troy, N. Y., for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. No question of law is here involved, and the expiration of the senior and controlling of Weber's patents takes away from this suit all professional interest, except as it completes a protracted history of litigation. Our only duty is to interpret the patents as the senior patent was interpreted by the Supreme Court, and in so doing correct our own decisions, if correction be needed.

Comparison of the "Connecticut" case (263 Fed. 583) with the Freeman Case in the Third Circuit (262 Fed. 769) will, we think, show with entire clearness that it was admitted by everyone that the sleeve and cap of the socket defined by the first and fourth claims of the senior patent must in locking be moved "telescopically." This circuit held that infringement existed if the longitudinal sliding movement of

⚙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Weber had added to it a rotational movement or component; whereas the Third Circuit held that the word "telescopically" limited said claims to an arrangement involving a straight sliding movement and nothing else.

The plaintiff here and defendant in the Third Circuit having obtained review of the Freeman decision by certiorari, the Supreme Court held in terms that it fully agreed with the Third Circuit in that—

"the prior art, the file wrapper and the [junior patent here in suit] required that the expressions in the fourth claim 'telescopically received' and 'telescopically applied' must be restricted to a direct longitudinal movement or thrust of the sleeve into the cap, and that for this reason the construction of [Freeman Company] requiring a rotary movement to render it effective, does not infringe that of" the plaintiff herein.

The highest court also specifically held that Weber had, in order to avoid infringing Kenney's prior patent,

"voluntarily restricted himself to a 'specific structure' operative when the sleeve was 'simply' inserted in the cap, without suggesting any rotary movement whatever, but, on the contrary, by his reference to Kenney * * * clearly implying that no such rotary movement was necessary in the adjustment of his socket."

We hold it clear, and counsel agree, that, though different in detail, the Ostrander socket operates according to the same law of being as does that of Freeman, or any other socket whose cap first slides like Weber and then has added to it a bayonet twist or any reasonable equivalent thereof. It is clear that, if Freeman does not infringe, Ostrander cannot.

We have not overlooked the language of the Supreme Court in speaking of a "supposed conflict" between the two circuits, and in saying that the constructions held in this court to infringe "were so essentially different from that of" Freeman that "discussion of them was quite unnecessary." How this could have been said of the "Connecticut" device we do not understand, though it is certain that the Ostrander device was not before the Supreme Court. But the application of plaintiff's patents to it is absolutely controlled by the decision of the highest court, with the result that defendant's sockets do not infringe.

Decree reversed, and cause remanded, with directions to dismiss the bill for noninfringement, with costs in both courts.